UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 3:24-CR-00004-DRL |
| | ) | |
| JESSICA ROBINSON | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Katelan McKenzie Doyle, Assistant United States Attorney, and files the government's sentencing memorandum and recommendation. The government recommends a sentence of 18 months imprisonment, followed by a term of supervised release.

I. **Nature and circumstances of the offense**

Between January and June of 2021, Jessica Robinson straw-purchased three firearms for a friend at his request. Specifically, Robinson purchased two rifles in January from one federally licensed firearms dealer in Elkhart, and bought a Taurus handgun in June from another federally licensed firearms dealer in Mishawaka, all of which she provided to this friend.

In November of 2023, Robinson's friend was in possession of the Taurus handgun when he fired it at Chicago Police Department officers during an altercation. The friend shot and injured one of the officers involved, and the friend was killed during the incident. Two weeks prior to the officer-involved shooting, the friend had again contacted Robinson to acquire another handgun, which she agreed to sell to him, but he was killed before he could travel to Elkhart buy it from Robinson. The nature and circumstances of the offense militate toward a sentence at the high end of the advisory guideline range in this case.

## II. Robinson's history and characteristics

The instant offense is the defendant's only criminal conviction. She timely accepted responsibility for her role in the offense by pleading guilty without requesting any continuances for court deadlines or the trial date. She appears to be remorseful for her role in the events that unfolded after making the illegal firearms purchases, which was also reflected in her interview with ATF agents who investigated the November 2023 shooting.

Robinson's employment outlook appears promising, having obtained employment while on supervision. Continued progress toward obtaining her GED will likely provide even more opportunities for employment and promote

prosocial behaviors and associates, as opposed to the "users" with whom she has previously aligned.

### III. Need to Provide Deterrence and Protection of the Public, Reflect the Seriousness of the Offense, and Promote Respect for the Law

Although Robinson presents with several mitigating characteristics, her offense resulted in the worst-case scenario that the straw purchase aims to prevent. She misrepresented her answers on the ATF 4473 form and placed a firearm in the hands of a prohibited person who met his ultimate demise and injured a Chicago police officer in the process. What's more, the defendant provided this person a total of three firearms between two occasions and intended to provide him a fourth firearm just one week before the shooting that resulted in his death. Robinson was a prohibited person herself, as she was a regular marijuana user at the time she purchased the three firearms. In fact, she admitted to ATF agents that after making one of the gun purchases, she and her friend rented a hotel room to ingest drugs before he traveled back to Chicago.

How a defendant commits the offense affects the "gravity of the offense." *United States v. Lusk*, 2023 WL 8756602, at *3 (7th Cir. Dec. 19, 2023) (quoting *United States v. Hill*, 563 F.3d 572, 579 (7th Cir. 2009)). Here, Robinson did not simply purchase a firearm unlawfully for herself for some alleged valid

purpose. Rather, she purchased multiple firearms as a prohibited person herself, for a person she knew or had reason to believe could not purchase them on his own.

The government's recommended sentence is 6 months above the nationwide median and 8 months above the nationwide average for offenders with similar offense levels and criminal history. However, sentences within the applicable guidelines range "ordinarily pose the best hope, on a national basis, for avoiding unwarranted sentencing disparities." *United States v. Settles*, 572 F. Supp. 3d 570, 572 (N.D. Ind. 2021); *see United States v. Kellogg,* No. 3:23-cr-61 (N.D. Ind. Feb. 15, 2024), DE 33 at 7; *see also United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006) ("Sentencing disparities are at their ebb when the Guidelines are followed, for the ranges are themselves designed to treat similar offenders similarly."). Moreover, Robinson engaged in "particularly lawless behavior"—unlawfully purchasing firearms for a person who used one of the firearms in a shootout with the police—and thus she "warrants a lengthier sentence than a 'run-of-the-mill'" defendant convicted of a similar crime. *United States v. Brooks*, 2024 WL 1873839 (7th Cir. April 30, 2024) (quoting *United States v. Ingram*, 40 F.4th 791, 796 (7th Cir. 2022)).

While it appears, based on her progress during pretrial supervision, that sustained marijuana use no longer plagues the defendant, the Title 18, U.S.C.

Section 3553(a) sentencing factors of deterrence, protection of the public, and the need for the sentence to promote respect for the law and reflect the seriousness of the offense nevertheless militate in favor of a sentence at the high end of the advisory guideline range in this case.

### III. The government's sentencing recommendation

Based upon a total offense level of 13 and a criminal history category of I, the sentencing guideline range is 12 to 18 months of imprisonment in Zone C, which can be served by a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for a portion of the term of imprisonment, provided that at least one-half of the minimum term is satisfied by imprisonment. Taking into account the § 3553(a) factors and given the seriousness of the offense not accounted for in guidelines, the government recommends a sentence of 18 months of imprisonment followed by a term of supervised release in the Court's discretion.

Dated: June 28, 2024

                                Respectfully submitted,

                                CLIFFORD D. JOHNSON
                                UNITED STATES ATTORNE

BY:    /s/ *Katelan McKenzie Doyle*
        Katelan McKenzie Doyle
        Assistant United States Attorney
        M01 Robert A. Grant Federal Bldg.
        204 S. Main Street
        South Bend, Indiana  46601
        Tel:   (574) 236-8287
        E-mail:  katelan.doyle@usdoj.gov